Tobi L. PATTERSON, Petitioner—
Appellant,

v.

James BARTLETT, Respondent—
Appellee.

Tobi L. Patterson, Petitioner—
Appellant,

v.

Nicholas Armenakis, Respondent—
Appellee.

Nos. 02–35105, 02–35106.
D.C. Nos. CV–98–00803–CO,
CV–98–00023–CO.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Dec. 24, 2002.

Before BROWNING, FISHER and TALLMAN, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

Appellant Tobi Patterson appeals the district court's dismissal of his habeas corpus petitions filed pursuant to 28 U.S.C. § 2254. Patterson attacks his convictions in two Oregon counties on rape, sexual abuse and other related charges. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's denial of a petition for a writ of habeas corpus. *Benn v. Lambert,* 283 F.3d 1040, 1051 (9th Cir.2002). We review the district court's decision not to hold an evidentiary hearing for abuse of discretion. *Downs v. Hoyt,* 232 F.3d 1031, 1041 (9th Cir.2000).

█ We need not determine whether the district court erred in concluding that the evidence necessary to support Patterson's claim of actual innocence must be newly discovered, rather than newly presented to the court, because even if we were to consider all of the affidavits Patterson submitted, we would conclude that he has not shown sufficient evidence of actual innocence under *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), to excuse the procedural default of his ineffective assistance of counsel and due process claims.

The affidavits Patterson offers in support of his *Schlup* claim do not present direct evidence of actual innocence. Instead, they constitute impeachment evidence that attacks the credibility of the victim and her mother. The hearsay statements upon which Patterson relies, however, are uncorroborated and they are contradicted by other evidence in the record, including the statements of the victim, the victim's brother and the physician who examined the victim. The types of evi-

of this circuit except as provided by Ninth Circuit Rule 36–3.

dence that we have previously found sufficient to support a *Schlup* claim are far more reliable and probative of actual innocence than Patterson's proffered affidavits. *See Majoy v. Roe*, 296 F.3d 770, 777 (9th Cir.2002) (primary witness against petitioner later recanted his testimony); *see also Carriger v. Stewart*, 132 F.3d 463, 478 (9th Cir.1997) (witness whose trial testimony led to petitioner's conviction later gave a sworn confession to the murder of which petitioner was convicted). Patterson therefore fails to meet his burden of demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.[1] *Schlup*, 513 U.S. at 327.

■ We also need not decide whether the district court erred in holding that Patterson's request for an evidentiary hearing on his actual innocence claim must satisfy the requirements of 28 U.S.C. § 2254(e)(2). As explained above, the evidence of actual innocence upon which Patterson relies is uncorroborated impeachment evidence that falls far short of meeting the *Schlup* standard. It is unlikely that an evidentiary hearing on the allegations contained in the affidavits would produce the sort of reliable evidence of actual innocence that *Schlup* demands. Accordingly, we cannot say that the district court abused its discretion in denying Patterson's request for an evidentiary hearing on his claim of actual innocence, regardless of the applicability of § 2254(e)(2).

**AFFIRMED.**

---

**1.** We are not holding that impeachment evidence is necessarily insufficient to support a *Schlup* claim of actual innocence. We are holding merely that the impeachment evidence that Patterson offers does not satisfy the requirements of *Schlup*.